USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
STRIKE 3 HOLDINGS, LLC,                                           :
                                        Plaintiff,                :
                                                                  :       21-CV-7020 (VEC)
                    -against-                                     :
                                                                  :       ORDER
                                                                  :
JOHN DOE subscribed assigned IP address                           :
63.119.159.202,                                                   :
                                        Defendant.                :
                                                                  :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Strike 3 Holdings, LLC brings this action for copyright infringement against Defendant John Doe, who is identified only by his alleged Internet Protocol ("IP") address, 63.119.159.202. Plaintiff moves for leave to file a third-party subpoena on Defendant's Internet Service Provider ("ISP"), Verizon Fios, in advance of the conference mandated by Rule 26(f) of the Federal Rules of Civil Procedure (the "Motion"). *See* Notice of Mot., Dkt. 6. Through the third-party subpoena, Plaintiff seeks to identify the name and address associated with the IP that Plaintiff alleges was used to infringe its copyrights (IP Address 63.119.159.202). *See id.*

This Court and many other judges in this District have already addressed the issues raised in Plaintiff's Motion at length. *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 15-CV-7333, Dkt. 12 (S.D.N.Y. Oct. 8, 2015); *Malibu Media, LLC v. John Does 1-4*, 12-CV-2955, 2012 WL 3104887 (S.D.N.Y. July 31, 2012); *Digital Sin Inc. v. Does 1–27,* No. 12-cv-3873, 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012). For the reasons stated in those opinions, the Court finds that Plaintiff has established good cause to serve a third-party subpoena on Defendant's ISP and to do so prior to a Rule 26(f) conference. In particular, the Court notes that Plaintiff seeks only Defendant's true name and address, which constitute a limited set of specific facts that are

necessary to the prosecution of Plaintiff's case. *See* Proposed Order, Dkt. 6-1; *see also Malibu Media, LLC v. John Doe*, No. 15-CV-3137, Dkt. 13 (S.D.N.Y. May 28, 2015).

The Court finds, however, that there are substantial concerns related to Defendant's privacy, given the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP. *See Malibu Media*, 2012 WL 3104887 at *3 (noting the risks of a "false positive" identification and the resulting undue annoyance or embarrassment to a non-culpable party). The Court grants Plaintiff's Motion subject to the protective order below.

IT IS HEREBY ORDERED that:

1. Defendant may proceed anonymously as "John Doe" in this action unless and until the Court orders otherwise.

2. Plaintiff may not initiate settlement discussions prior to service of the Complaint without leave of this Court. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

3. Plaintiff may immediately serve a Rule 45 subpoena on the ISP seeking *only* the name and address of the Defendant to whom the ISP assigned the IP address set forth in the Complaint in this action. Plaintiff is *not* permitted to subpoena the Defendant's telephone number or email address. The subpoena must attach a copy of this Order, along with the attached "Notice to Defendant." Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any other ISP that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. The ISP shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon it to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the attached "Notice to Defendant." The ISP may serve Defendant using any reasonable means, such as written notice to a last known address, transmitted either by first-class mail or via overnight service.

5. Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motion with this Court contesting the subpoena (including a motion to quash or to modify the subpoena). **The ISP may *not* turn over Defendant's information to Plaintiff prior to the close of this 60-day period.** Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until the issue has been resolved and the Court has issued an order instructing the ISP to resume in turning over the requested discovery.

6. If that 60-day period closes without Defendant or the ISP contesting the subpoena, the ISP shall then have 10 days to produce the information responsive to the subpoena to Plaintiff. If Defendant moves to quash or to modify the subpoena, or to proceed anonymously, he or she shall, at the same time as his or her filing, notify the ISP so the

      ISP is on notice not to release Defendant's information to Plaintiff until the Court rules on any such motions.

7. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

8. An ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

9. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its Complaint.

      Plaintiff is further directed to file a status letter with the Court no later than **December 31, 2021**. The Clerk of Court is respectfully directed to close the open motion at Dkt. 6.

**SO ORDERED.**

Date:  **September 27, 2021**                                                _____
      **New York, NY**                                                        **VALERIE CAPRONI**
                                                                         **United States District Judge**

**NOTICE TO DEFENDANT**

1.      You are a Defendant in *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address* 63.119.159.202, 21-CV-7020 (VEC), a case now pending before the Honorable Valerie Caproni, United States District Judge for the Southern District of New York.

2.      Attached is Judge Caproni's Order, which sets forth certain deadlines and procedures related to this case.

3.      You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se,* all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York.  The Pro Se Office is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4.      The Plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted films on your computer.

5.      The Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading or distributing.

6.      The Plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP"), Verizon Internet Services.

7.      If you do not want your ISP to provide this information to the Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within **60 days** of the date that you receive notice from your ISP that you are a Defendant in this case.  If you choose to proceed *pro se,* your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3.

8.      If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for the Plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9.      Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10.     If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should submit a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se,* your letter should be

mailed to the Pro Se Office, as described in paragraph 3.  This must be done within **60 days** of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.